UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **RHONDA M. McGRUDER** | * CIVIL ACTION NO. 2:14-cv-1202 |
| v. | * JUDGE MINALDI |
| **U.S. COMMISSIONER OF SOCIAL SECURITY** | * MAGISTRATE JUDGE KAY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM ORDER

Before the court is a Motion for a New Trial (Rec. Docs. 26 & 28) filed by plaintiff Rhonda M. McGruder, and a Response (Rec. Doc. 30) filed by defendant Carolyn W. Colvin, Acting Commissioner of Social Security. For the following reasons, the motion is **DENIED**.

McGruder requests a new trial pursuant to Rule 59(b) based on new evidence that affirms Dr. Dale Bernauer as the author of a questionnaire previously considered unsigned and incomplete.[1] McGruder initially filed suit on June 13, 2014, seeking review of a final decision of the Commissioner of Social Security Administration denying McGruder's application.[2] In a Report and Recommendation adopted by the court, the Magistrate Judge found that the Administrative Law Judge based his decision on testimony not just from Dr. Dale Bernauer, but also on MRI Reports, an EMG nerve study report by Dr. Fayez Shamieh, a physical examination and review of past studies by Dr. Deon Edgerson-George, and a physical RFC assessment conducted by Dr. Fred Ruiz.[3]

---

[1] Mot. for a New Tr. (Rec. Doc. 26).
[2] Compl. (Rec. Doc. 1).
[3] R. & R. (Rec. Doc. 21), at 5-8.

1

Although McGruder styled the motion as a request for a new trial pursuant to Rule 59(b), the court will address the motion as a request to alter or amend the judgment pursuant to Rule 59(e) because there was no trial. *See* FED. R. CIV. P. 59(b) & (e). "[A] district court has considerable discretion in deciding whether to reopen a case [under Rule 59(e).]" *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citation omitted). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* (citations omitted). "A motion to reconsider based on an alleged discovery of new evidence should be granted only if (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 534 (5th Cir. 2015) (quoting *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 677 (5th Cir. 2010) (internal quotation marks omitted). McGruder visited Dr. Bernauer frequently prior to the administrative hearing, and she has failed to demonstrate that the new questionnaire contains facts that are actually newly discovered and could not have been discovered earlier by proper diligence. Accordingly,

**IT IS ORDERED** that McGruder's motion is **DENIED.**

Lake Charles, Louisiana, this 7 day of July, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE